[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONFOR CONTEMPT (DATED OCTOBER 25, 1994)AND MOTION FOR COUNSEL FEES (DOCKET No. 118)
The court does not find the plaintiff in contempt.
The property at 83 Lumm Lot Road in Southbury, Connecticut has now been sold. The net proceeds of sale is $60,808.72 (the amount reflected on defendant's exhibit 1 less $850 attorney's fees paid at closing). The $15,000 to be paid to the plaintiff pursuant to paragraph 11.3 of the Judgment has been paid. The following costs of sale which are enumerated in defendant's exhibit 2 are allowed and are to be reimbursed to the plaintiff:
Insurance:
$150 a year (March 17, 1993 to October 17, 1994 $237.50
Town of Southbury interest on taxes 113.39
Real Estate Consultant Fee 275.00
Postage 32.48
33.90
Advertising 49.90
141.54
Signage 63.60 ------ $947.31
The plaintiff has made a claim for clerical services of $515. Checks payable to Kathleen Snyder have been offered to substantiate that claim (see plaintiff's exhibit H). One of these checks is drawn on the account of Cynthia Kasper, Interior Accents, the plaintiff's business account. There has been insufficient evidence offered to the court to sustain the plaintiff's burden of proof that this is a proper cost of sale. This is true, also, for supplies, paper and stationary supplies, fax and telephone charges, film and development, copies and CT Page 11762 property related trips to Southbury.
The plaintiff claims a five (5%) percent commission fee. There was no agreement between the parties to this effect. The plaintiff is not a licensed real estate broker or real estate salesperson. She is not, therefore, entitled to a commission upon the sale of this property. See § 20-325a(b) of the General Statutes.
The defendant has incurred expenses of $275 for a certified appraisal. This amount should be paid to him pursuant to Paragraph 11.2 of the agreement.
The court does not have sufficient information to determine the capital gains tax incurred on the sale of this property. The plaintiff's figure is $11,700; the defendant's figure is $9,700. The court orders that $12,000 of the net proceeds be held in escrow for the capital gains tax. This is to be held in an interest bearing account in the name of a trustee for each of the parties, the interest to be taxed equally to each of the parties. Upon payment of the capital gains tax, the balance remaining in the interest bearing trustee account shall be divided equally between the parties.
The balance of the funds presently being held shall be immediately distributed equally to each of the parties. The net proceeds, then, shall be distributed as follows:
$ 947.31 to the plaintiff
$ 275.00 to the defendant
$12,000.00 to escrow
$16,293.20 to each of the parties.
Defendant seeks attorney's fees and sheriff's fees in connection with the bringing of the motion and on motion number 118. The court having considered the provisions of § 46b-62 of the General Statutes and the factors of § 46b-82 denies both of these requests.
EDGAR W. BASSICK, III, JUDGE CT Page 11763